Judge Underwood
delivered the opinion of the Court.
Leach having obtained a judgment against Gentry, in an action of covenant for failing to convey a tract of land, as required by Gentry’s obligation, the latter filed his bill against the former, to enjoin the judgment, and to have a specific execution of the contract. The bill avers that Gentry then had *350 title, and was ready and willing to to convey 5 that Leach had been put into possession; that he had quietly enjoyed the use of the land, and that he had sustained no injury. The prayer of the bill was, that Leach might be compelled to accept a title, and if not, that he might be compelled to account for rents and profits.
Leach’s answer.
Asreemerit to ve'ind, sign- and Gentry.
That which js not put in issue by the pleadings, can not be considered, tho’ proved. The party in chancery wishing to take advantage of an agreeroent made, pendente lite, must biing it before the court, by amendment,a3 matter occuring puis darien continuance ; otherwise it is error to make such agreement the basis of a decree, unless consent given in opencourt.
*350 Leach answered, denying that Gentry had title, and resisted a specific execution, upon the ground that, he had been much injured, by failing to get a title when he ought to have had it, whereby, he lost an opportunity of selling to advantage. To balance the claim for profits, Leach sets up a claim for improvements. In this attitude of the parties, in respect to their pleadings, and the matter set forth in their bill and answer, they proceeded to take many depositions.
About one year after the filing of the bill, the parties entered into the following agreement: “Gentry vs. Leach, in Ch’y. This suit is to be dismissed at cost°f John Gentry, except the defendant’s attorney fee. The judgment of the law, which is enjoined is satisfied. Leach’s bond, to Gentry, is also satisfied, and to be withdrawn by leave of the court, and the whole transaction is rescinded. Feb. 16, 1826.
his ENOCH X! LEACH. Seal. mark JOHN GENTRY.
Witness, Tuo. Q. Wilson.
At a court subsequent to the date of the agreement aforesaid, the court by its decree, carried the agreement into effect, by disposing of the suit, according to its stipulations, and the defendant Leach, thereupon prayed an appeal to this court.
There is nothing in the record, which shews that Leach assented to the decree. It is clear that he did not from the circumstance of his praying an appeal immediately. Were the court right in enforcing the agreement between the parties, relative to the disposition to be made of the suit, when such agreement was not relied on, or put in issue by the pleadings of either party? Under such circumstances, a decree in *351 Conformity to the agreement, cannot be sustained, when, otherwise; it is against the obvious equity of the case. In this instance the agreement was brought before the court as evidence,- by depositions. No proposition is better supported by - authority, than that which declares evidence; without appropriate allegations to admit it, unavailing. It is a rule founded on reason, conducing to secure the rights of parties, and should be adhered to. According to the agreement, Leach acknowledges satisfaction of the judgment enjoined, this is no where relied on in the bill. If Leach would not come forward, and in open court, consent to have such satisfaction entered of record, then Gentry, by an amendment to his bilí, should have brought that matter before the court as a transaction puis dañen continuance, and thus give Leach; an opportunity to plead and answer; that it was not his deed or that it was procured by fraud, or without consider ation, or that the consideration had failed, or to set up against it, any other defence which would shew, that it ought not to be enforced. As these are rights which Leach has been deprived of, by a specific enforcement of the agreement, when it was notin any way relied on by the allegations of Gentry, the court erred in rendering the decree. It is not shewn by Gentry that he had title to the land sold to Leach, and but for the agreement, there is no question, but that his injunction should have been dissolved.
Decree reversed.
T. T. Crittenden and Chapeze, for plaintiff; Rudd for defendant.
The decree of the circuit court must, therefore, be reversed with directions to that court, to give Gentry leave to amend his bill, by bringing the new matter, growing out of the agreement, before the court, within a reasonable time, to be fixed by the Court, and on his failure so to amend his bill, then to proceed and decide the cause, disregarding the agreement between the parties. The plaintiffin error must recover costs,